UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES MCAULEY,

       Plaintiff,

  -against-

CITY OF NEW YORK, *et al.*,

       Defendants.

21cv07413 (VEC) (DF)

**ORDER TO SHOW CAUSE**

**DEBRA FREEMAN, United States Magistrate Judge:**

  The above-captioned Section 1983 case, in which *pro se* plaintiff James McAuley ("Plaintiff") claims that he was subjected to false arrest and malicious prosecution for a robbery he did not commit, has been referred to this Court by the Honorable Valerie Caproni for general pretrial supervision and to report and recommend on dispositive motions. For the reasons discussed below, <u>Plaintiff is hereby ordered to show cause, no later than March 11, 2022, why this Court should not recommend to Judge Caproni that the Complaint be dismissed without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure</u>.

**BACKGROUND**

  In his Complaint, Plaintiff listed his address as a facility on Rikers Island, where he was apparently being detained at that time. (*See* Dkt. 2.) Since then, the Court has received no further communications from Plaintiff, including any change-of-address notifications. When this Court attempted to schedule an initial pretrial conference in the matter, counsel for defendant City of New York (the "City") informed Chambers that Plaintiff had apparently been released from custody, and that counsel was unaware of his current whereabouts. On December 15, 2021, this Court therefore issued an Order (Dkt. 15), instructing counsel for both the City and

interested party Metropolitan Transportation Authority (the "MTA") to file a letter, describing the most recent contact that they had had with Plaintiff, as well as the timing and nature of any efforts that they had made to reach him.  By that same Order (which this Court directed the Clerk of Court to mail to Plaintiff at the address shown on the Docket), this Court also informed Plaintiff of the need to keep the Court apprised of an address where he could be contacted and cautioned him that, if he failed to do so, his case could be dismissed for failure to prosecute. (*See id.*)[1]

In response to this Court's December 15 Order, counsel for the City and counsel for the MTA each filed a letter on December 20, 2021.  (Dkts. 16, 17.)  Counsel for the City reported that all mail that his office had attempted to send to Plaintiff at the Rikers Island address had been returned as undeliverable, "with a note stating 'Discharged – Return to Sender – Unable to Forward.'"  (Dkt. 16, at 2.)  Further, the City's counsel reported that "[r]ecords from both the DOCCS [New York State Department of Corrections and Community Supervision] and DOC [New York City Department of Corrections] indicate that [P]laintiff was released from City custody and is not in the State's custody."  (*Id.*)  The City's counsel additionally reported having "conducted a Public Records search to attempt to ascertain any related phone numbers, physical addresses, or email addresses for [Plaintiff]," with no success.  (*Id.*)  Similarly, counsel for the MTA reported that various legal papers the MTA had attempted to mail to Plaintiff (including the MTA's Answer, Rule 7.1 Statement, and response to the Court's *Valentin* Order) had all been

---

[1] This Court notes that this was the *second* time Plaintiff was given this warning, as, when the Honorable Laura Taylor Swain, as Chief United States District Judge, granted Plaintiff's application to proceed *in forma pauperis* (an application he filed concurrently with his Complaint), Chief Judge Swain stated, in her Order:  "[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so."  (Dkt. 4, at 2.)

returned as undeliverable (Dkt. 17, at 1-2); that counsel had contacted Rikers Island to attempt to determine a "proper mailing address" for Plaintiff, "but no information could be provided" (*id*., at 2); and that "Defendants ha[d] no additional information concerning the current location of [] [P]laintiff or an address [at] which he might be served" (*id*.).

Subsequent to the Court's receipt of these letters from counsel, the copy of this Court's December 15 Order that the Clerk of Court had mailed to Plaintiff at the Rikers Island address was returned to the Court as apparently undeliverable. (*See* Dkt. entry, dated Dec. 28, 2021.) This Court has also independently sought to ascertain whether Plaintiff may currently be in either City or New York State custody, but has located no records of any current detention or incarceration. Thus, this Court currently has no knowledge or information as to how Plaintiff may be reached.

## DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently and to keep the Court apprised of his current mailing address, and, if he fails to do so, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also Wilson v. New York City Corp. Counsel*, No. 07cv3658 (JSR), 2008 WL 516014, at *1 (S.D.N.Y. Feb. 27, 2008) (noting that "it was plaintiff's responsibility to apprise the Court of his current address"). "A plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and

3

expeditious disposition of cases," the Court may even dismiss an action with prejudice, where a plaintiff fails to prosecute his case, *Link*, 370 U.S. at 630-31, although dismissals with prejudice should generally be reserved for "extreme situations," *see Beaman v. Yelich*, No. 12cv5304 (ALC) (SN), 2014 WL 1813926, at *1 (S.D.N.Y. May 6, 2014) (internal quotation marks and citation omitted).

In deciding whether to dismiss an action for failure to prosecute, the court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)). "Generally, no one factor is dispositive," *Williams v. Kelly*, No. 11cv9607 (PAC) (KNF), 2014 WL 630654, at *3 (S.D.N.Y. Feb. 18, 2014) (citing *Nita*, 16 F.3d at 485), and the sanction of dismissal should be considered "in light of the record as a whole," *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citation omitted).

In this action, even taking into account Plaintiff's *pro se* status, the relevant factors weigh in favor of dismissal. First, while this is not a case that has lain dormant for years, the Court has heard nothing from Plaintiff about this matter since he filed his Complaint, which was nearly six months ago. Second, Plaintiff was expressly cautioned by the Court, on two separate occasions, that his Complaint could be subject to dismissal if he failed to keep the Court apprised of his current contact information. (*See* Dkt. 4, at 2; Dkt. 15.) Third, Defendants cannot meaningfully

defend this action if they are unable to contact Plaintiff. Fourth, as to docket management, "it is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that [Plaintiff] will reappear in the future." *Blake v. Payane*, No. 08cv0930 (PAC) (PED), 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011) (internal quotation marks, citation, and brackets omitted). Finally, where the Court has "no way of communicating" with Plaintiff, *Smith v. Griffen*, No. 15cv622 (ALC) (BCM), 2017 WL 4466453, at *3 (S.D.N.Y. Aug. 31, 2017), it is difficult to see how a lesser sanction than dismissal would be effective.

"Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address where he or she can be reached." *Grace v. New York*, No. 10cv3853 (LTS) (GWG), 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (collecting cases), *report and recommendation adopted*, 2010 WL 4026060 (Oct. 14, 2010); *see also, e.g.*, *Wilson*, 2008 WL 516014, at *1 (noting that "it was plaintiff's responsibility to apprise the [c]ourt of his current address"); *Ortiz v. United States*, No. 01cv4665 (AKH), 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing case for failure to prosecute where "[p]laintiff ha[d] not even fulfilled his minimal obligation to keep the *pro se* office . . . informed of his change of address").

In particular, a *pro se* prisoner's failure to provide the court with a new mailing address after his release from custody has regularly been held to be an adequate ground for a Rule 41(b) dismissal. *See, e.g.*, *Smith*, 2017 WL 4466453, at *2 (noting, in the context of habeas corpus petitions, that "courts in this district routinely dismiss *pro se* [] habeas actions for failure to prosecute where . . . petitioner fails to . . . meet his obligation to provide the [c]ourt and respondent with updated contact information after being released from custody" (collecting cases)).

5

In this instance, this Court is uncertain as to whether Plaintiff wishes to continue to prosecute this matter, but, in any event, the Court cannot supervise this case, if Plaintiff cannot be located. This Court also notes, however, that there may be reasons why Plaintiff has not been in touch with the Court, and that, especially as Plaintiff is proceeding *pro se*, he should be given an opportunity to be heard before his claims are dismissed under Rule 41(b).

## CONCLUSION

For the reasons stated above, and specifically because Plaintiff has failed to provide the Court with updated information as to how he may be reached, <u>Plaintiff is hereby ORDERED to show cause, in writing, no later than March 11, 2022, why this Court should not recommend to Judge Caproni that she dismiss the Complaint, without prejudice, under Rule 41(b), for failure to prosecute.</u>  Plaintiff's response should be mailed to the Court's *Pro Se* Office, at the following address:

> *Pro Se* Intake Unit
> United States Courthouse
> 40 Foley Square, Room 105
> New York, NY  10007

All papers submitted by Plaintiff must contain the title of this action and the case number, in other words: *McAuley v. City of New York, et al.*, 21cv07413 (VEC) (DF). Plaintiff's response should explain any problems he may be having with prosecuting his case, subsequent to his apparent release from custody.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, at the address reflected on the Docket and shown below. If, at any time, either the City or the MTA becomes aware of any other address at which Plaintiff may be reached, then it is directed to mail a copy of

6

this Order to Plaintiff at that address, and to file proof of such mailing on the Docket of this action.

Dated: New York, New York
       February 22, 2022

                                            SO ORDERED

                                            _____
                                            DEBRA FREEMAN
                                            United States Magistrate Judge

<u>Copies to</u>:

Mr. James McAuley
2412101138/02623979R
AMKC/Rikers Island
18-18 Hazen Street
E. Elmhurst, NY 11370

Defense counsel (via ECF)