USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/06/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
JAMES MCAULEY, :
                             Plaintiff, :
                              :                     21-CV-7413 (VEC)
            -against- :
                                 :                ORDER ADOPTING
                                 :                   REPORT &
CITY OF NEW YORK, *et al.*, :               RECOMMENDATION
                            Defendants. :
:
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on September 2, 2021, Plaintiff James McAuley, proceeding *pro se*, filed a complaint against the City of New York, alleging claims of false arrest and malicious prosecution, Dkt. 2;

      WHEREAS when he filed his complaint, Plaintiff was incarcerated on Rikers Island and listed his address as the prison facility, Dkt. 2;

      WHEREAS on September 22, 2021, Plaintiff was informed that it is his "obligation to promptly submit a written notification to the Court if [his] address changes, and the Court may dismiss the action if [he] fails to do so," Dkt. 4 at 2;

      WHEREAS on September 24, 2021, the Court referred this case to Magistrate Judge Freeman for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 6;

      WHEREAS on December 15, 2021, Magistrate Judge Freeman reported that Defense counsel informed her Chambers that Plaintiff has been released from custody and that his whereabouts were unknown, Dkt. 15;

WHEREAS Magistrate Judge Freeman entered an order, "caution[ing] [Plaintiff] that he must keep the Court apprised of an address where he may be contacted, and if he fails to do so, his case may be dismissed for failure to prosecute," *id.*;

WHEREAS on December 20, 2021, Defendant informed the Court that all mail it had sent to Plaintiff had been returned as undeliverable, that Plaintiff did not appear to be in City or State custody, and that a public records search did not yield any contact information for Plaintiff, Dkt. 16;

WHEREAS on December 20, 2021, the Metropolitan Transportation Authority (an interested party) similarly reported that all mail it had sent to Plaintiff had been returned as undeliverable and that it was unable to obtain other contact information for Plaintiff, Dkt. 17;

WHEREAS on February 22, 2022, Judge Freeman ordered Plaintiff to show cause, by no later than March 11, 2022, why she should not recommend that Plaintiff's complaint be dismissed without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Dkt. 19;

WHEREAS Plaintiff did not respond to the Court's order to show cause;

WHEREAS on March 30, 2022, Judge Freeman entered an R&R, recommending that Plaintiff's complaint be dismissed without prejudice for failure to prosecute, Dkt. 20;

WHEREAS in the R&R, Judge Freeman notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 2;

WHEREAS Judge Freeman further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full and Plaintiff's complaint is DISMISSED without prejudice.

IT IS FURTHER ORDERED that because the R&R gave the parties adequate warning, *see* R&R, Dkt. 20 at 2, the failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

IT IS FURTHER ORDERED that because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to the address listed on the docket and to note the mailing on the docket. The Clerk is further directed to terminate all open motions and to close this case.

**SO ORDERED.**

**Date: May 6, 2022**
       **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**